ROBERT J. VIZAS (No. 56187)
robert.vizas@arnoldporter.com
SHARON D. MAYO (No. 150469)
sharon.mayo@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:  415.471.3100
Facsimile:  415.471.3400

Attorneys for Defendants VISA INC.,
VISA INTERNATIONAL SERVICE
ASSOCIATION, and VISA U.S.A. INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PALLADINO, GARIB KARAPETYAN, STEVE PALLADINO, AND JOHN NYPL,<br>Individual Plaintiffs and on behalf of all those similarly situated<br><br>                    Plaintiffs,<br><br>        v.<br><br>JPMORGAN CHASE & CO.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA, N.A.; WELLS FARGO & COMPANY; WELLS FARGO BANK, N.A.; CITIGROUP INC.; CITIBANK, N.A.; CITIBANK, N.A. (NATIONAL ASSOCIATION); U.S. BANCORP; US BANCORP; U.S. BANK NATIONAL ASSOCIATION; PNC FINANCIAL SERVICES GROUP, INC.; PNC; PNC BANK, NATIONAL ASSOCIATION; CAPITAL ONE FINANCIAL CORPORATION; CAPITAL ONE, F.S.B.; CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION ("COBNA"); CAPITAL ONE, NATIONAL ASSOCIATION ("CONA"); BANK OF THE WEST; VISA INC.; VISA U.S.A. INC. ("VISA U.S.A."); VISA INTERNATIONAL SERVICE ASSOCIATION ("VISA INTERNATIONAL"); MASTERCARD INCORPORATED; MASTERCARD<br><br>                    Defendants. | Case No. 3:23-cv-423<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(d) AND 1453(b) AND 12 U.S.C. § 611** *et seq.* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants VISA INC., VISA U.S.A. INC., and VISA INTERNATIONAL SERVICE ASSOCIATION (collectively "Visa Defendants"), hereby remove to this Court the action originally commenced in the Superior Court of the State of California for the County of San Francisco, entitled "*JOHN PALLADINO, GARIB KARAPETYAN, STEVE PALLADINO, AND JOHN NYPL, Individual Plaintiffs and on behalf of all those similarly situated, Plaintiffs v. JPMORGAN CHASE & CO. et al., Defendants*," Case Number CGC-22-603801, filed on December 30, 2022 and amended on January 11, 2023.  The grounds and bases for this removal are as follows:

### SUMMARY OF COMPLAINT AND BASIS FOR FEDERAL JURISDICTION

1. Plaintiffs (and the members of the putative class Plaintiffs purport to represent) are allegedly Visa and Mastercard payment cardholders "each of whom has made retail purchases of goods and services in California using a Visa or Mastercard credit or debit card." (Am. Compl., Introduction, ¶ 211.)  Plaintiffs aver, among other things, that Visa and Mastercard—together with all banks that issue Visa or Mastercard payment cards, all banks that process payments on those cards, and all merchants accepting such cards—engaged in a "price-fixing conspiracy" in which they "fixed and stabilized" interchange fees and that cardholders paid those fees as direct and indirect purchasers.  Plaintiffs assert violations of the California Cartwright Act, Cal. Business and Professions Code Sections 16700 *et seq.*, as well as the California Unfair Competition Law, Cal. Business and Professions Code Sections 17200 *et seq.*

2. Plaintiffs brought this action as a putative class action purportedly on behalf of "All Visa and Mastercard cardholders who are California citizens, each of whom has made retail purchases of goods and services in California using a Visa or Mastercard credit or debit card during the period from at least January 1, 2004, up to and including the date of filing this action." (Am. Compl. ¶ 211.)  Plaintiffs seek actual and statutory damages, restitution, pre-judgment and post-judgment interest, costs, injunctive relief, and attorneys' fees from Visa, Mastercard, and "those named banks with whom no written arbitration agreement exists." (Am. Compl., Prayer for Relief.)

3. As explained below, this Court has original jurisdiction over this action on two grounds. First, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act ("CAFA"), based upon the diversity-of-citizenship and amount-in-controversy requirements applicable to class actions. The diversity-of-citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because at least one member of the putative Plaintiff class is a citizen of a State different from at least one defendant. The amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is satisfied because the aggregate alleged claims of the individual members of the putative class exceed the sum or value of $5,000,000, exclusive of interest and costs. (Am. Compl. ¶ 56.) No exception to CAFA applies.

4. Second, this Court has original jurisdiction pursuant to the Edge Act, 12 U.S.C. §§ 611 *et seq.*, which provides for original federal jurisdiction over, and removal of, civil actions filed in state court that involve "any corporation organized under the laws of the United States" and arise out of (a) "transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States," or (b) "other international or foreign financial operations." 12 U.S.C. § 632. Removal pursuant to the Edge Act is proper here because nine of the named defendants are corporations organized under the laws of the United States, and Plaintiffs' claims arise out of transactions involving international or foreign banking and banking in a dependency or insular possession, and other international or foreign financial operations, as explained below.

## STATE COURT FILINGS

5. On December 30, 2022, Plaintiff commenced the instant action by filing a Complaint in the Superior Court of the State of California for the County of San Francisco. True and correct copies of the Complaint and Civil Case Cover Sheet, issued on the same day, are attached collectively hereto as Exhibit A. The action was designated as Case No. CGC-22-603801.

6. On December 30, 2022, the Superior Court issued a notice of case management conference. A copy of the Notice of Case Management Conferences, as obtained by the Visa Defendants from the state court file, is attached as Exhibit B.

7. On January 11, 2023, Plaintiffs filed an Amended Complaint. A true and correct copy of the Amended Complaint is attached hereto as Exhibit C.

8. On January 13, 2023, the Court issued a Summons. A true and correct copy of the Summons is attached hereto as Exhibit D.

9. On January 27, 2023, Plaintiffs served Defendant Visa Inc. with a Summons and the original Complaint. True and correct copies of the documents served on Visa Inc. are attached hereto as Exhibit E.

10. The foregoing documents comprising Exhibits A-E hereto are the only documents in the state court action that the Visa Defendants have either been served with or able to obtain from the state court file.

### TIMELY REMOVAL

11. Removing defendants received a copy of the Complaint on December 30, 2022, the date Plaintiffs filed the Complaint. (See Exhibit A hereto.)

12. This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b). It is "filed within thirty days after the receipt by [removing defendants], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

13. The Notice of Removal also is timely because the Edge Act permits removal "at any time before the trial." 12 U.S.C. § 632.

### PROPER COURT FOR REMOVAL

14. Venue exists in the Northern District of California, because the Superior Court of the State of California for the County of San Francisco is within the Northern District of California.

### NO JOINDER NECESSARY

15. Consent to removal by all defendants is not required under CAFA or the Edge Act. 28 U.S.C. § 1453(b) (providing that a class action "may be removed by any defendant without the consent of all defendants"); 12 U.S.C. § 632 (providing that "any defendant" may remove the suit). Nevertheless, all named defendants have consented to this notice of removal.

**NOTICE OF REMOVAL**

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California, County of San Francisco, and Plaintiffs are being duly served with written notice of the removal.

**THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA**

17. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §§ 1446 and 1453(b), in that it is a putative class action in which the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and in which at least one member of the putative Plaintiff class is a citizen of a State different from at least one named defendant.

**Diversity-Of-Citizenship**

18. The Complaint alleges that named Plaintiffs are "California citizens resident in California." (Am. Compl. ¶ 14.)

19. The Complaint alleges that members of the putative classes are all "California citizens." (Am. Compl. ¶ 211.)

20. Named defendants are corporations organized under U.S. law and headquartered throughout the United States. JPMorgan Chase & Co. ("Chase") is incorporated under Delaware law and headquartered in New York, New York. (Am. Compl. ¶ 25.) Bank of America Corporation ("Bank of America") is incorporated under Delaware law and headquartered in Charlotte, North Carolina. (Am. Compl. ¶ 30.) Wells Fargo & Company ("Wells Fargo") is incorporated under Delaware law and headquartered in San Francisco, California. (Am. Compl. ¶ 32.) Citigroup Inc. ("Citigroup") is incorporated under Delaware law and headquartered in New York, New York. (Am. Compl. ¶ 34.) U.S. Bancorp ("US Bank") is incorporated under Delaware law and headquartered in Minneapolis, Minnesota. (Am. Compl. ¶ 39.) PNC Financial Services Group, Inc. ("PNC") is incorporated and headquartered in Pennsylvania. (Am. Compl. ¶ 45.) Capital One Financial Corporation ("Capital One") is incorporated in Delaware and headquartered in McLean, Virginia. (Am. Compl. ¶ 47.) As of the date of this filing, Bank of the West is

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332(D) AND 1453(B) AND 12 U.S.C. §§ 611 *et seq.*

chartered under California law and headquartered in San Francisco, California. (Am. Compl. ¶ 48.[1]) Visa is incorporated under Delaware law and headquartered in San Francisco, California. (Am. Compl. ¶ 52.) Mastercard Incorporated is incorporated under Delaware law and headquartered in Purchase, New York. (Am. Compl. ¶ 53.)

21. For purposes of federal diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[P]rincipal place of business" generally corresponds to "a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 95 (2010). Accordingly, the Chase, Bank of America, Citibank, US Bank, PNC, Capital One, and Mastercard defendants are each incorporated and headquartered outside of California, and none of those defendants is a citizen of California.

22. The requirements for diversity-of-citizenship set forth in Section 1332(d)(2)(A) are thus established. During the time period in question, at least one member of the putative Plaintiff class is a citizen of a state different than at least one defendant, and diversity-of-citizenship therefore exists between the parties pursuant to Section 1332(d)(2)(A).

**Numerosity**

23. The Complaint also alleges that the number of class members exceeds 5,000,000. (Am. Compl. ¶ 56.) The putative class thus consists of more than 100 members as required for removal under CAFA. 28 U.S.C. § 1332(d)(5)(B).

**Amount-In-Controversy**

24. The amount placed in controversy by the averments of the Complaint (accepting such averments as "true" for this purpose only) exceeds the sum or value of $5 million, exclusive of interest and costs, and, thereby, satisfies the requirement of Section 1332(d)(2). (Am. Compl. ¶ 56.)

---

[1] The Visa Defendants understand that, on January 17, 2023, the Federal Reserve Board and Office of the Comptroller of the Currency announced their approvals of a proposed transaction which will result in Bank of the West being merged with and into Bank of Montreal's U.S. subsidiary bank, BMO Harris Bank N.A. ("BMO Harris Bank"), which is a national bank organized under the laws of the United States with its main office located in Chicago, Illinois.

**No Exceptions**

25. Defendants need not prove the inapplicability of exceptions to CAFA to effectuate removal. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007). In any event, no exception applies.

26. The so-called "home state" exception does not apply because at least one primary defendant is a citizen of a state other than California. *See* 28 U.S.C. § 1332(d)(4)(B); *Singh v. American Honda Finance Corp.*, 925 F.3d 1053 (9th Cir. 2019) ("[W]e agree that 'by using the word "the" before the words "primary defendants" rather than the word "a," [CAFA] requires remand under the home state exception only if all primary defendants are citizens of' the alleged home state.") (alteration in original) (citation omitted).

27. The so-called "local controversy" exception does not apply because, among other things, Plaintiffs' allegations relate to the nationwide practices of payment card networks and national financial institutions affecting consumers throughout the country, 28 U.S.C. § 1332(d)(4)(A).

### THIS COURT HAS ORIGINAL JURISDICTION UNDER THE EDGE ACT

28. The Edge Act establishes original jurisdiction in United States District Courts for civil litigation involving international or foreign banking activities or financial operations. The Edge Act provides, in relevant part:

> [A]ll suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632. The instant action meets the requirements for federal jurisdiction set forth in this provision.

29. This action is a "suit[]  of a civil nature at common law or in equity" as required by the Edge Act.

30. Eight of the named defendants—JPMorgan Chase Bank, N.A., Bank of America, N.A., Wells Fargo Bank, N.A., Citibank, N.A., U.S. Bank N.A., PNC Bank, N.A., Capital One Bank, N.A., Capital One, N.A.—are "corporation[s] organized under the laws of the United States" for purposes of the Edge Act.

31. The relevant statutory language thus creates jurisdiction and permits removal if this Action arises out of (a) "transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States," or (b) "other international or foreign financial operations." 12 U.S.C. § 632. It is not necessary that international or foreign banking transactions or financial operations pervade the subject matter of the action; rather, all that is required is that "any part of [the action] arises out of transactions involving international or foreign banking." *City of Stockton v. Bank of America, N.A.*, 2008 WL 5063877, at *2 (N.D. Cal. 2008) (quoting *Pinto v. Bank One Corp.*, 2003 WL 21297300, at *3 (S.D.N.Y. June 4, 2003) and *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 340 (S.D.N.Y. 1996) (collecting cases)); *see also Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, 627 F. Supp. 2d 730, 734 (N.D. Tex. 2008) ("Section 632 does not require that the claims themselves have a foreign character; it only requires that the lawsuit 'arise out of' transactions with a foreign aspect."). Furthermore, even if a case does not involve a traditional banking activity, jurisdiction under the Edge Act is still proper if the case involves "international financial operation[s]." *Bank of Am. Corp. v. Lemgruber*, 385 F. Supp. 2d 200, 215 n.13 (S.D.N.Y. 2005) (quoting *Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. at 341).

32. Activities and operations upon which Plaintiffs' claims are based, and that are at issue in this action, arise out of transactions involving international or foreign banking and have other significant international and foreign dimensions for purposes of Edge Act jurisdiction. *See Luby's Fuddruckers Restaurants v. Visa Inc.*, 342 F. Supp. 3d 306, 318–19 (E.D.N.Y. 2018) (finding Edge Act jurisdiction in case brought by Texas merchant challenging default interchange

fees under Texas state law, given that merchant accepted Visa and Mastercard cards issued outside the U.S.).

33. This Court can look beyond the face of the Complaint to determine Edge Act jurisdiction under the "artful pleading" rule. The "artful pleading" rule prevents a plaintiff from "defeat[ing] removal by omitting to plead necessary federal questions in a complaint." *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983)). The artful pleading rule "aims 'to prevent a plaintiff from avoiding a federal forum when Congress has created a federal cause of action with the intent that it provide the exclusive remedy for the particular grievance alleged by the plaintiff.'" *Hansen v. Group Health Cooperative*, 902 F.3d 1051, 1057–58 (9th Cir. 2018) (citation omitted). Accordingly, to determine Edge Act jurisdiction, this Court may "look beyond the face of the Complaint to consider Defendants' statements in the notice of removal with regard to foreign transactions implicated by the allegations in Plaintiff's Complaint." *Luby's*, 342 F. Supp. 3d at 314.

34. Every payment card transaction at issue in the Complaint in this case involves a cardholder, cardholder bank, payment card network (Visa or Mastercard), merchant, and merchant's acquirer. (Am. Compl. ¶¶ 2-5, 114.) Plaintiffs complain about interchange fees, which, they aver in the Complaint, "are those fees set by the network, charged to acquirers and received by [credit and] debit card issuers as part of a [credit and] debit card transaction." (Am. Compl. ¶ 124.) As stated in the Complaint, interchange fees apply on every Visa and Mastercard payment card transaction. (*Id.*; *see also* ¶ 67 (merchant "[b]anks that process transactions have contracts with merchants pertaining to the interchange fees applied to each transaction").)

35. Here, records maintained by Visa reflect that, during the relevant time as alleged in the Complaint, (i) some putative class member California citizens, (ii) engaged in payment card transactions on Visa-branded cards, (iii) issued by banks in the U.S. (including federally chartered bank defendants), (iv) at a merchant located in California, and (v) where the merchant's acquirer was a foreign (non-U.S.) entity. *See generally*, Declaration of R. Garrison Harvey, attached hereto as Exhibit F ("Harvey Decl.").

36. More specifically, Visa records from the relevant time as alleged in the Complaint reflect Visa-branded payment card transactions at merchants located in California that involve banks that issue cards primarily or exclusively to California consumers (such as the San Mateo Credit Union) and merchant acquirers *not* located in the U.S. (such as Deutsche Bank AG and Worldpay (UK)). Harvey Decl. ¶¶ 5-6. Plaintiffs complain about the interchange fees that apply to these transactions (among other transactions), and therefore "part of [this action] arises out of transactions involving international or foreign banking" under the Edge Act. *Lemgruber*, 385 F. Supp. 2d at 214; *see Luby's*, 342 F. Supp. 3d at 318.

37. Visa records from the relevant timeframe also reflect Visa-branded payment card transactions at merchants located in California that involve cardholder banks that are federally chartered bank defendants (such as Bank of America, N.A. and Citibank N.A.) and merchant acquirers *not* located in the U.S. (such as Deutsche Bank AG and Worldpay (UK)). Harvey Decl. ¶ 7. Plaintiffs also complain about the interchange fees that apply to these transactions (among other transactions), which, again, shows that "part of [this action] arises out of transactions involving international or foreign banking" under the Edge Act. *Lemgruber*, 385 F. Supp. 2d at 214; *see Luby's*, 342 F. Supp. 3d at 318.

38. Although the putative class is defined to include only California citizens who made at least one retail purchase on a Visa- or Mastercard-branded payment card in California, Plaintiffs also seek damages for Visa-branded and Mastercard-branded payment card purchases that those citizens made outside the U.S.—where the merchant and its acquirer are *not* located in the U.S. (Am. Compl. ¶ 211.) Visa records from the relevant time as alleged in the Complaint reflect Visa-branded payment card transactions involving cardholder banks that issue cards primarily or exclusively to California consumers (such as the San Mateo Credit Union) and merchants and acquirers *not* located in the U.S. Harvey Decl. ¶ 8. Because Plaintiffs also complain about the interchange fees that apply to those transactions (among other transactions), those transactions are yet another "part of [this action] arises out of transactions involving international or foreign banking" under the Edge Act. *Lemgruber*, 385 F. Supp. 2d at 214; *see Luby's*, 342 F. Supp. 3d at 318.

39. The subject matter of this action—the administration of credit cards, and in particular interchange fees—also clearly involves traditional banking activity as contemplated by the Edge Act. *See, e.g.*, *Pinto*, 2003 WL 21297300, at *3 ("it is clear that the basic components of administering credit cards . . . represent what banks do, and have been doing for centuries" and "involves a traditional banking function under the Edge Act") (internal quotation marks omitted)). In addition, Plaintiffs allege that the named defendants operate internationally. (Am. Compl. ¶¶ 25 (alleging that JPMorgan is a "multinational banking" company), 30 (alleging that Bank of America is a "multinational banking" company), 34 (alleging that Citigroup Inc. is a "global diversified financial services" company), 39 (alleging that U.S. Bancorp is a "global financial services" company), 132 (alleging that Visa and Mastercard obtain revenues from fees and assessments they charge to member banks, including "cross-border" and "international transaction" fees), 133 (alleging statistics on Visa payments in "2021 worldwide").)

40. Therefore, federal court jurisdiction independently exists under each prong of the Edge Act. This action arises out of transactions involving international or foreign banking and/or banking in a dependency or insular possession of the U.S. In addition, this action arises out of other international or foreign financial operations.[2]

WHEREFORE, the Visa Defendants hereby remove this action now pending against them in the Superior Court of California, County of San Francisco, to this Honorable Court.

DATED: January 30, 2023
ARNOLD & PORTER KAYE SCHOLER LLP
ROBERT J. VIZAS
SHARON D. MAYO

By: /s/ Sharon D. Mayo
SHARON D. MAYO
Attorneys for Visa Defendants

---

[2] Defendants reserve rights with respect to all defenses, including that Plaintiffs are not entitled to damages for foreign or other transactions.